UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.                              CIVIL ACTION NO. 3:15CV667TSL
                                 CRIMINAL NO. 3:04CR163TSL

CURTIS NEAL JONES

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Curtis Neal Jones for habeas relief pursuant to 28 U.S.C. § 2255. Having considered the motion, together with the government's opposition, the court concludes that the motion is due to be dismissed because the motion is barred by the statute of limitations.

On October 5, 2004, the grand jury returned a two-count indictment against Jones, charging him with being a felon in possession of a firearm and being a violent felon in possession of body armor. Following a bench trial, the court found defendant guilty on both counts. The court, finding that defendant was an armed career offender pursuant to 18 U.S.C. § 924(2)(A), sentenced Jones to a 195-month term of imprisonment on count 1 and a concurrent 36-month term of imprisonment on count 2. On August 27, 2007, the Fifth Circuit affirmed. See United States v. Jones, 242 F. App'x 175 (5th Cir. July 25, 2007). Jones did not seek a petition for writ of certiorari. Over 8 years later, on September 10, 2015, via the mailbox rule, Jones filed the current motion,

his first § 2255 motion, seeking relief premised on the June 2015 Supreme Court decision in Johnson v. United States, –U.S.–, 135 S. Ct. 2551 (2015), which found the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague.

Based on the following, Jones' motion is due to be dismissed as untimely.  Per § 2255, "a motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where a defendant appeals his conviction to the circuit court of appeals but does not thereafter seek a writ of certiorari, his conviction becomes final when the ninety-day period for filing a certiorari petition with the Supreme Court expires.  Id. Accordingly, Jones' conviction became final on November 27, 2007. It follows then because Jones' § 2255 motion was due to be filed by on or before November 27, 2008, and was not filed, via the mailbox rule, until September 10, 2015, it is untimely and subject to dismissal.

The court reaches this conclusion despite Jones' argument that pursuant to § 2255(f)(3)[1], the statute of limitations should

---

[1] This section provides [a] 1-year period of limitation shall apply under this section.  The limitation period shall run

begin to run as of June 26, 2016, the date of the Supreme Court's decision in Johnson.  The Fifth Circuit has recently concluded that while Johnson does announce a new rule of constitutional law, it does not apply retroactively on collateral review.  See In re Williams, 806 F.3d 322, 325-26 (5th Cir. 2015) (concluding that defendant had failed to overcome general bar to retroactivity of new rules on collateral review).  As Jones' motion was not filed within the one-year statute of limitation, the court concludes it is untimely and thus, due to be dismissed.

Based on the foregoing, it is ordered that defendant's motion for relief pursuant to § 2255 is denied.  It is further ordered that defendant is not entitled to a certificate of appealability. Defendant has failed to make a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[2] and that jurists of reason would find it debatable whether [this] court was

---

from the latest of — (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review."

[2]   As the government points out and contrary to Jones' assertion otherwise, his two state convictions for armed robbery were considered "violent felonies" under the section of the ACCA addressing crimes having "as an element the use, attempted us, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(i), and were not deemed "violent felonies" under the residual clause.

3

correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 9th day of February, 2016.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE